# Court of Appeals
# of the State of Georgia

ATLANTA,  March 06, 2025

*The Court of Appeals hereby passes the following order:*

## A24A1697.  EAST CALHOUN CHURCH OF GOD, INC. et al. v. CHURCH OF GOD, INC. TENNESSEE et al.

This case involves a property dispute. Appellees Church of God, Inc. Tennessee and certain trustees brought this action against Appellants East Calhoun Church of God, Inc. and its trustees seeking the imposition of a trust and possession of Appellants' church properties. Following discovery, Appellees filed a motion for partial summary judgment on the issue of liability. Appellants filed a brief in opposition with 32 exhibits ("Exhibits"), a statement of material facts, and what appears to be a duplicate set of Exhibits; these combined filings total approximately 3,260 pages of record. Subsequently, Appellees filed a motion to strike all but three of the Exhibits, contending that the objected-to Exhibits had not been properly filed with the court, had not been properly authenticated, or were otherwise inadmissible under Georgia's evidence code. Appellants responded to the motion but did not take any action to cure the alleged deficiencies.

Following a hearing, the trial court granted Appellees' motion for partial summary judgment, concluding that the property at issue was "expressed in trust to the [Appellees] with any remaining property in dispute under implied trust with dominion and control by [Appellees]." Appellants filed a motion to reconsider - supported by an affidavit from their sole trial counsel – in which counsel averred that "due to attorney error, . . . none of [Appellants'] original and testamentary evidence submitted in responding to [Appellees'] Motion for Summary Judgment [was] authenticated and admissible at summary judgment[.]" The motion stated that the original Exhibits would be resubmitted with the necessary

authentication. Appellees responded to the motion to reconsider, arguing, inter alia, that Appellants had still failed to properly authenticate the Exhibits. The trial court subsequently denied the motion to reconsider without specifically commenting on the admissibility of the Exhibits.

Appellants thereafter filed their notice of appeal; Appellants did not mention any issue surrounding the admissibility of their Exhibits in their initial brief to this Court. However, Appellees raised this issue in their responsive brief, contending that "none of Appellants' supporting documents are properly in the Appellate record." Appellants countered this assertion in their reply brief, arguing that "[a]ll evidence is . . . properly before this Court for consideration." Appellants also filed a motion to supplement the record on appeal, pointing out, correctly, that some of their Exhibits contained in the original record forwarded to this Court were illegible, and arguing that such supplementation was necessary because "Appellants rely on these documents in their briefs."

"Admissibility of evidence on motion for summary judgment is governed by the rules relating to form and admissibility of evidence generally." (Citation and punctuation omitted.) *Lewis v. Fidelity Nat. Title Ins.*, 367 Ga. App. 644, 649 (3) (887 SE2d 337) (2023). The determination of the admissibility of evidence on summary judgment is within the purview and discretion of the trial court, including whether evidence has been properly authenticated. Id.; see also *Koules v. SP5 Atlantic Retail Ventures,* 330 Ga. App. 282, 285-286 (2) (767 SE2d 40) (2014). Here the trial court never specifically ruled on the admissibility of Appellants' Exhibits and did not give any specific indication of whether it considered, or refused to consider, this evidence in granting summary judgment in favor of Appellees. Further, not only do the parties disagree about the admissibility of the Exhibits, they also disagree about whether the trial court considered this evidence and whether this evidence is properly before us on appeal. This state of uncertainty creates an insurmountable impediment to our de novo review and consideration of the issues raised in this appeal. Accordingly, we must vacate the trial court's order and remand this case for resolution of

these evidentiary issues. In doing so, the trial court is specifically authorized to conduct further proceedings, if necessary within the exercise of the trial court's discretion.

There are also multiple matters concerning the original appellate record transmitted to this court that should be rectified by either the parties or the trial court clerk upon remand. First, most if not all of the depositions contained in the original and supplemental record are not in the correct format. See Court of Appeals Rule 18 (a) (depositions must be filed in the same format as transcripts). Additionally, while we have not undertaken to review each and every one of the 16,798 pages of the original record sent to us, it appears that parts of the record may be improperly compiled, with filings inserted into other filings.  See R. 1, Vol. 2, pgs 10,286 - 10,288.) These matters should be inquired into upon remand and corrected where necessary. Moreover, several filings were omitted from or were illegible in the original appellate record, resulting in four supplemental records, one in excess of 4,000 pages and another in excess of 3,000 pages. Accordingly, the clerk of the trial court and the parties and/or their attorneys are directed to work together so that the record re-transmitted to us is complete, legible, properly compiled, and in chronological order by date of filing. Further, due to size of the record, the clerk of the trial court is encouraged to divide the record into multiple volumes, as this will greatly aid us in our navigation of the record. Once the corrected record and any transcripts are re-transmitted to us, the case will be redocketed pursuant to the notice of appeal filed in this case.



*Court of Appeals of the State of Georgia*
*C l e r k ' s    O f f i c e ,*
*Atlanta,*  03/06/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*